UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON L. PICKLES,

Plaintiff,

v. Case No. 8:24-cv-1246-JLB-CPT

DEPUTY TYLER WILSON, *et al.*,

Defendants.
_______________________________________/

**ORDER**

Before the Court are four motions (Docs. 124, 125, 127, 129) filed by Plaintiff Jason L. Pickles, and a notice filed by his former counsel in this action, Foley & Lardner. (Doc. 130). Mr. Pickles moves the Court to dismiss Foley & Lardner as counsel, appoint new private counsel, enforce the settlement agreement as to Defendant CHS TX, Inc., d/b/a YesCare Corp. (YesCare), and, as best the Court can discern, reopen the case for further proceedings.

I. BACKGROUND

Mr. Pickles initiated this civil action, *pro se*, on May 23, 2024. (Doc. 1). On July 18, 2024, Mr. Pickles filed an amended complaint (Doc. 6) and a motion requesting appointment of counsel. (Doc. 7). The Court granted the motion (Doc. 12), and counsel with Foley & Lardner were appointed on

September 30, 2024, to represent Mr. Pickles pro bono. (Doc. 18).

On October 29, 2025, the Court issued an amended case management and scheduling order directing the parties, among other things, to conduct mediation by January 27, 2026. (Docs. 101, 112). The January 27, 2026 mediation conference resulted in a settlement agreement resolving all of Mr. Pickles's claims. (Docs. 119, 121). Because the parties reached a full settlement, on February 9, 2026, the Court dismissed this case without prejudice, subject to the right of either party within sixty days, or upon the expiration of a later date established by the Court, to move to reopen the case for entry of a stipulated final order or judgment or upon good cause shown for further proceedings. (Doc. 122). The Court also stated that "[i]f no such papers have been filed within this sixty-day period, the dismissal of this case shall be with prejudice." (*Id.*). No motion was filed within the 60-day deadline.

On July 13, 2026, Mr. Pickles filed his first motion (Doc. 124) in which he moved the Court to enforce the settlement agreement against Defendant YesCare, dismiss Foley & Lardner as counsel, and appoint new counsel.[1] He

[1] Mr. Pickles also petitioned for a writ of execution. (*Id.*). But the writ cannot be issued because no judgment was entered. *See* Federal Rule of Civil Procedure 69; *Baker v. Hoffman*, 2026 WL 3070956, at *1 (M.D. Fla. Oct. 14, 2026) ("A money *judgment* is enforceable by a writ of execution provided the procedure on execution and in aid of judgment or execution is in accord with the procedure of the state where the court is

asserted that on January 27, 2026, he reached a settlement with the defendants in which he released them from all of his claims in exchange for monetary damages to be paid by YesCare by March 27, 2026. (*Id.* at 1, 4–5). However, Mr. Pickles never received payment. (*Id.* at 2). He asserts that he contacted his attorneys several times by telephone, e-mail, and letters for assistance in collecting payment, to no avail. (*Id.* at 2–3). He moved this Court to appoint new counsel to "enforce the execution" of the settlement agreement. (*Id.* at 5–6).

On July 30, 2026, Mr. Pickles filed his second motion (Doc. 125) in which he moved the Court to dismiss Foley & Lardner and appoint new counsel to "assist [him] with the court proceeding[s] . . . ." (*Id.* at 1). He filed a third motion (Doc. 127) on September 28, 2026, in which he again moved to dismiss Foley & Lardner. He asserted that counsel coerced him to settle his case during the mediation by telling him that the undersigned is "biased, ultra-conservative, and cop friendly," that his action would not survive summary judgment, and that he would be lucky if he received a "five-

---

located. Fed. R. Civ. P. 69(a)(1). In Florida, '[e]very person or entity who has sued to recover a debt or *has recovered judgment* in any court against any person or entity has a right to a writ of garnishment....' Fla. Stat. § 77.01." (emphasis added) (alteration in original)).

figure" offer. (*Id.* at 3). And he asserted that his attorneys failed to attempt to get Defendants to satisfy the settlement agreement. (*Id.* at 4). Finally, on September 29, 2026, Mr. Pickles filed his fourth motion (Doc. 129) in which he moved the Court to reopen this case based on his attorneys' "ineffectiveness," "deception," "fraud," and "negligence." (*Id.* at 1–2).

On October 21, 2026, Foley & Lardner filed a response to Mr. Pickles's motions and allegations. (Doc. 130). Counsel asserted that the January 27, 2026 "mediation conference resulted in a signed settlement agreement resolving all of Mr. Pickles' claims." (*Id.* at 2, ¶¶ 3–4). However, YesCare "breached its obligations under the settlement agreement." (*Id.* at 2, ¶5). Despite counsel's "repeated outreach . . . regarding the breach, YesCare failed and refused to cure their breach." (*Id.* at 2, ¶6). And on May 8, 2026, YesCare filed for bankruptcy. (*Id.* at 2, ¶7). On July 31, 2026, Mr. Pickles requested Foley & Lardner end their representation of him in this case. (*Id.* at 2, ¶8). They deny the allegations Mr. Pickles asserted against them in his motions. (*Id.*).

## II. DISCUSSION

Mr. Pickles's motions to dismiss Foley & Lardner are denied as moot, considering Foley & Lardner withdrew from representation on July 31, 2026. (*Id.*). To the extent Mr. Pickles moves for newly appointed counsel, he

requested removal of appointed counsel and has no right to newly appointed counsel in this civil action. *See Bass v. Perrin*, 170 F.3d 1312, 1319 (11th Cir. 1999) (appointment of counsel in a civil case is not a constitutional right). Finally, to the extent Mr. Pickles moves to reopen this case and/or to enforce the settlement agreement, the Court will defer ruling on those matters until Mr. Pickles notifies the Court that he has received a copy of the settlement agreement.[2]

Accordingly, it is **ORDERED** that:

1. Mr. Pickles's motions to dismiss counsel and have the Court appoint new counsel (Docs. 125, 127) are **DENIED**.
2. Mr. Pickles's July 13, 2026 motion (Doc. 124) is denied in part and deferred in part. To the extent Mr. Pickles moves to dismiss counsel and have the Court appoint new counsel, the motion is **DENIED**. To the extent Mr. Pickles moves to have the Court enforce the settlement agreement, the Court **DEFERS** ruling on the motion.
3. The Court **DEFERS** ruling on Mr. Pickles's motion to reopen the case (Doc. 129).

[2] By separate order, the Court will direct former counsel for Mr. Pickles and counsel for Defendants to provide Mr. Pickles with a copy of the settlement agreement.

4. Mr. Pickles is **DIRECTED** to notify the Court within five days of receiving a copy of the settlement agreement.

**DONE and ORDERED in Tampa, Florida, on November 13, 2026.**

John L. Badalamenti

**JOHN L. BADALAMENTI**
UNITED STATES DISTRICT JUDGE